DECIDED NOVEMBER 13, 1929.

*Orrin J. Bundy, J. L. R. Boyd,* for plaintiff.
*R. R. Jackson,* for defendant.

19947.  GOLDEN v. THE STATE.

DECIDED NOVEMBER 13, 1929.

*Ben A. Way,* for plaintiff in error.
*Chalmers Chapman, solicitor, Edwin A. Cohen,* contra.

LUKE, J.  John Golden was convicted of violating the labor-contract act of 1903 (Penal Code (1910), § 715). On its first appearance here the judgment was reversed because no intent to defraud was shown. See *Golden* v. *State,* 39 *Ga. App.* 151 (146 S. E. 336). The controlling question is whether or not the intent to defraud was proved on the second trial.

The record discloses that after contracting with Howard-Parker Company, a copartnership, to work certain turpentine boxes from March 8, 1927, to the end of the turpentine season closing about

November 1, 1927, at "$1.50 per thousand boxes per streak," the defendant, on June 3, 1927, approached a member of the firm employing him and borrowed from his employer $10 to enable him to go to Savannah and collect money he said was due him on an insurance policy on his wife's life, promising at the time to return and continue his work on June 6, 1927. On June 6, 1927, he returned, and a member of the firm employing him talked to him. The defendant appeared to be in his usual good health, and there appeared no reason why he could not continue his work under his .contract. The money would not have been advanced had he not promised to return and resume his work. He failed to go to work, and his only reason for not doing so was that he was "worried." He stated to the jury that he was so worried that he could not work; that he went back to Savannah to try to find the person who had taken his money, and was taken sick, and had not been able to work since; that when he got back to Effingham County he got a better job; that his employer agreed to pay a $100 account he had with Howard-Parker Company; that he intended to work for Howard-Parker Company, but "did not promise to work it out;" that after he left on June 6, 1927, he was worried, and that after he failed to find his insurance money he was taken sick and was unable to work for about a month; and that he got a better job when he was able to work. J. E. Parker testified that he had offered to settle a $100 account with the defendant, but that this had nothing to do with the said advancement of $10 or with the present case; that after defendant left on June 6, 1927, witness made a diligent search for him, but never saw him until he was arrested about eight months later in Effingham County; that defendant never worked for his firm after June 6, 1927; that defendant never said he was going back to Savannah to look for insurance money he stated he had lost; that defendant said he would come back and work out the money advanced him; and that no one ever offered to pay defendant's account. The sheriff testified that the warrant for defendant's arrest was placed in his hands on June 15, 1927, and that he immediately made diligent search for him; that he located defendant in several places, but that when he would go to make the arrest he would find that the defendant had just gone elsewhere; and that finally the defendant was arrested in Effingham County. The deputy sheriff testified that the defendant was at work about twenty-five miles from Savannah when he was found.

The evidence in the case was sufficient to show the intent to defraud, and to warrant the jury in finding the defendant guilty, and there is no merit in the general grounds of the motion for a new trial.

The special ground of the motion complains that the court's charge authorized the jury to convict the defendant without proof of his "intent to cheat and swindle the prosecutor at the time the money was advanced." The criticism is not well founded, since the court distinctly instructed the jury that one of the requirements to convict was that the defendant procured from Howard-Parker Company "the money alleged in the accusation with the intent at the time of the alleged procurement of the money alleged to have been procured not to perform such alleged service specified in the accusation." In his charge the judge followed very closely the language of the Penal Code (1910), § 715, and the charge was not erroneous for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*